IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALBRUNA STAINLESS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2513 |
| | § | |
| ADT SECURITY SERVICES, INC., | § | |
| *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Judgment on the Pleadings ("Motion") [Doc. # 49] filed by Defendants ADT Security Services, Inc. and ADT Holdings, Inc. (collectively, "ADT"), to which Plaintiff Valbruna Stainless, Inc. ("Valbruna") filed a Response [Doc. # 53], and ADT filed a Reply [Doc. # 55]. After ADT filed its Motion, Valbruna voluntarily dismissed its RICO claim. Because this case is still at a very early stage of the proceedings, and because there is no other basis for subject matter jurisdiction, the Court dismisses the case without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Valbruna is a Delaware corporation with its principal place of business in Indiana. ADT Security Services, Inc. and ADT Holdings, Inc. are both Delaware corporations with their principal place of business in Florida. For purposes of subject matter jurisdiction based on diversity of citizenship, a corporation is deemed a citizen

of the state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1). Because all parties were incorporated in Delaware, there is no diversity jurisdiction over either Valbruna's claims against ADT or ADT's counterclaim against Valbruna for $6,336.25 allegedly owed for installation services.

Valbruna filed this lawsuit against ADT in federal court with subject matter jurisdiction based exclusively on the presence of its claim under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. The Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Valbruna's state law claims for breach of express contract, breach of implied contract, gross negligence, fraud, constructive fraud, unjust enrichment, and breach of express warranties, and over ADT's counterclaim.

On October 12, 2010, Valbruna requested leave to dismiss voluntarily its RICO claim. *See* Motion for Leave to Voluntarily Dismiss Certain Claims Without Prejudice [Doc. # 50]. By Order [Doc. # 54] entered October 13, 2010, the Court granted Valbruna's request and dismissed the RICO claim without prejudice.

The case is in its very early stages. Indeed, the Court has not yet entered a docket control order. Because the federal RICO claim has been dismissed at such an early stage of the proceedings, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Valbruna's pendent state law claims and over

ADT's counterclaim. *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Consequently, it is hereby

**ORDERED** that this case is **dismissed without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

SIGNED at Houston, Texas, this **19th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge